### PELHAM vs. THE STATE BANK.

Exceptions not reserved at the trial, but signed afterwards, form no part of the record.

After demurrer to declaration sustained, and no objection made to an amendment of the declaration at the time, irregularity, in that respect, cannot be taken advantage of on error.

Where oyer is craved of the writing only, and not of the assignment upon it, the assignment becomes no part of the record by being copied into the transcript.

Final judgment for costs, against the defendant, must be considered as given only for the costs expended by the plaintiff.

Terms used in a judgment, which are vague and uncertain, but do not directly contradict a statute, will be presumed to conform to it.

DEBT, on bond, by the Bank, assignee of Henry R. and William L. Hynson, against Pelham, determined in the Independence Circuit Court, in August, A. D. 1841, before the Hon. THOMAS JOHNSON, one of the Circuit Judges. Oyer was craved and granted, of the bond sued on, and the defendant demurred to the declaration, assigning, as causes of demurrer, that the plaintiff stated that it sued as assignee of the Hynsons, *but not that they were partners;* that the assignment was made by them as partners; that, if the bond was thus made to them as individuals, the assignment of one would not carry the interest of the other; variance between the bond and declaration; variance as to the assignment; that no protest of the bond was alleged; no demand stated at the Bank where the bond was payable; breach insufficient; declaration showed no authority in the plaintiff to sue; and that it did not state that the bond had become due and payable. The demurrer was sustained; and the plaintiff, by leave, *amended,* by filling up the blank assignment, and was ordered to pay the costs of the demurrer and amendment. The defendant saying nothing further in bar, judgment went for the plaintiff, for debt and damages, *and all the costs* in the suit. On the day after the trial, the defendant excepted to the allowance of the amendment, without having reserved the point at the trial. The case came up on error.

*W. Byers,* for the plaintiff.

*Hempstead & Johnson,* contra.

*By the Court,* DICKINSON, J.

The exceptions of the plaintiff in error came too late to be considered. As they were not reserved at the trial, they form no part of the record. There was no objection made to the amendment of the declaration, after the demurrer was sustained, nor any further steps taken by the defendant below; consequently, it is too late now to avail himself of any irregularity in this respect. The breaches in the declaration are well laid; and whether the assignment of the writing obligatory was set out with sufficient certainty, is immaterial; for oyer was craven only of the writing, and not of the assignment; and the fact of the clerk's copying it into the transcript does not necessarily make it form a part of the record, or entitle it to the consideration of this Court. The plaintiff below was ordered, by the Circuit Court, to pay the costs of the demurrer and amendment; and the final judgment for costs against the defendant, in that Court, must be considered for all the costs in the suit expended by the plaintiff, and cannot, as we conceive, be made to extend any further. The terms used are certainly vague and uncertain, but, as they are not in direct contradiction to the statute, we will presume them to be in conformity with it.

Judgment affirmed.