Oldham, J., delivered the opinion of the court. The counsel for the plaintiffs in error call upon the court to review the eases of Pelham vs. The State Bank 4 Ark. 202, Dardenne vs. Bennett, id. 458 and McLain vs. Onstott, 3 Ark. 483. The' court is well satisfied with the correctness of the rule as laid down in those cases. There should be strong reasons for overruling previous adjudications, especially where there are several successive decisions establishing the same doctrine. Precedents, it is •said, should not-implicitly govern., but discreetly guide, but when a principle has been once declared and acquiesced in, in subsequent •cases it should be adhered to, unless great injury and injustice would necessarily ¡result from such adherence. The questions settled in the above cases can be easily observed in practice and will result to the injury of no person. We can see no reason why this court should .declare the decisions in those cases erroneous, and produce that doubt, uncertainty and confusion necessarily resulting from vacillating judicial authority. In most questions of practice, more depends upon the uniformity of the rule than the rule itself. The case of Alston & Patrick vs. Whiting & Slark, decided at the present term, was determined upon the authority of the cases referred to. It was there held that proferí of the assignment of a promissory note should be'made to entitle the assignee to maintain his action. The plaintiffs having failed to plead the assignments -of .the notes to them with proferí, the circuit court properly sustained the demurrer to the declaration, Affirmed.